

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2007

# Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1945

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Li v. Atty Gen USA" (2007). *2007 Decisions.* Paper 796.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/796

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1945

———————

SHI XIONG LI a/k/a Zhong Min Chen;
ZHOU JIANG CHEN,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———————

On Petition for Review of a Decision
of the Board of Immigration Appeals
(BIA Nos. A72-483-967, A72-483-969)
Immigration Judge: R.K. Malloy

———————

Submitted under Third Circuit LAR 34.1(a)
May 22, 2007

BEFORE: BARRY, CHAGARES, and TASHIMA,* Circuit Judges

(Filed: July 10, 2007)

———————

OPINION

_____

* The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

CHAGARES, Circuit Judge.

Shi Xiong Li and Zhou Jiang Chen are a married couple from China. They petition for review of a final order of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying them asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because we conclude that the IJ's decision is supported by substantial evidence, we will deny the petition for review.

I.

We write only for the parties and we assume their familiarity with the record. Petitioners testified to the IJ that they left China after Chen was forced by Chinese officials to abort her second pregnancy in compliance with that country's family planning policies. Since their arrival in the United States, petitioners have had their second child, and they testified that they plan to have more children. They both stated that they fear sterilization if they return to China.

The IJ denied petitioners' applications for asylum, withholding of removal, and relief under CAT for two reasons. First, in an airport interview upon entry into this country, petitioners mentioned neither their fear of sterilization nor the past abortion, and therefore, the IJ found petitioners not credible. Second, petitioners could not corroborate that Chen had had an abortion. The IJ would have accepted records noting the medical

history Chen provided when she went to a Pennsylvania hospital for prenatal care in connection with her third pregnancy. The IJ explained that "when a pregnant woman presents herself to a hospital, a reputable hospital certainly takes a gynecological history, specifically noting previous pregnancies." AR 53. Petitioners failed to provide satisfactory records, which presumably were reasonably available, and the IJ denied relief.

The BIA issued a brief order in which it described the IJ's adverse credibility finding, and then stated that the BIA affirmed for the reasons set forth by the IJ.[1]

## II.

Our review of a BIA order is deferential. "If a reasonable fact finder could make a particular finding on the administrative record, then the finding is supported by substantial evidence" and we will affirm. See Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003). We will reverse only if we conclude that the record "compels" that we do so. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992) (emphasis removed). Finally, we review the IJ's opinion to the extent the BIA adopted it. See Miah v. Ashcroft, 346 F.3d 434,

---

[1] The BIA order provided:
> The Immigration Judge denied the applicants' asylum application on the basis of an adverse credibility finding. The Immigration Judge found the applicants' testimony to be inconsistent with the statements they had made upon arrival in the United States. We are not persuaded by the applicants' explanations.
>
> Accordingly, the Immigration Judge's decision is affirmed for the reasons stated therein and the appeal is dismissed.

AR 2 (internal citations omitted).

439 (3d Cir. 2003); Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001).

Here, the IJ analyzed credibility separately from the failure to corroborate and denied petitioners' applications for both reasons. See Toure v. Attorney Gen. of U.S., 443 F.3d 310, 323 (3d Cir. 2006) ("Corroboration and credibility, although intuitively related, are distinct concepts that should be analyzed independently."). Because the BIA's affirmance relied only on the adverse credibility finding, that finding should be the focus of our review on appeal. But petitioners do not challenge it. Instead, they argue that the IJ improperly rested her decision on the lack of evidence corroborating petitioners' claim that Chen had had an abortion. Pet. Br. 12. Although the BIA did not specifically mention this aspect of the IJ's opinion in its affirming order, we address this argument out of an abundance of caution as it is possible that the lack of corroboration influenced the BIA's decision to affirm the IJ's credibility determination.

The BIA has determined that "where it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided." In re S-M-J-, 21 I. & N. Dec. 722, 725 (BIA 1997). We have described this rule as requiring three tasks of the IJ:

> (1) an identification of the facts for which "it is reasonable to expect corroboration;" (2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if he or she has not, (3) an analysis of whether the applicant has adequately explained his or her failure to do so.

Abdulai, 239 F.3d at 554.

In this case, the IJ satisfied her obligation. The IJ explained to petitioners (and their counsel) that, because their claim for asylum was based on a forced abortion in China, and because petitioners could not provide authenticated Chinese records of the abortion, the IJ would accept medical records from a Philadelphia hospital that included Chen's gynecological history. At a hearing on August 27, 2002, petitioners' counsel informed the IJ that she was attempting to obtain the medical records. The IJ indicated the significance of these records to petitioners' claims. She then continued the hearing multiple times to allow petitioners' counsel time to obtain the records.

After much delay, petitioners' counsel obtained a copy of a record that was supposed to contain notes from Chen's prenatal-care visit at a Philadelphia hospital and submitted it to the court in September of 2004. The IJ observed that the word "abortion" and a date appeared on the record, as did notations regarding two births by cesarean section. Chen had her second cesarean section when she gave birth in the United States and therefore the notation regarding <u>two</u> cesarean sections could not have been created contemporaneously with Chen's first arrival at the hospital weeks prior to delivery. In addition, the record appeared to be altered, with some text looking like it was "overwritten." AR 172. Petitioners' counsel conceded that the key information in the record appeared to be written after the record was initially created.

Petitioners do not dispute that the IJ was entitled to conclude that the submitted record was altered and unreliable. Rather, they seem to argue only that it was

unreasonable for the IJ to request corroboration for the abortion because their testimony was otherwise credible and corroborated.

We have previously held "that the BIA may sometimes require otherwise-credible applicants to supply corroborating evidence in order to meet their burden of proof." See Abdulai, 239 F.3d at 554. Even when an IJ fails "to make a valid credibility determination," we will not reverse or remand the BIA's order affirming the IJ if "reasonable requests for corroboration were inexplicably unmet." See Obale v. Attorney Gen. of the U.S., 453 F.3d 151, 163 (3d Cir. 2006). Thus, even assuming petitioners were otherwise credible, it could be proper for the IJ to request corroboration. It does no good for petitioners to argue, as they do, that because petitioners "corroborate[d] several aspects of [Chen's] testimony, including the circumstances surrounding her early marriage and pregnancy," the IJ incorrectly requested corroboration of the abortion. Br. 12. Corroboration of these facts is irrelevant. The IJ identified the fact of the abortion to be crucial to the asylum application. Despite having numerous opportunities, petitioners did not explain why that fact could not be corroborated through a local hospital's preexisting records of medical history as a general matter or what special circumstances prevented petitioners from providing such corroboration as a specific matter. Accordingly, the IJ's request for corroboration and reliance on the lack thereof was not inappropriate.

More importantly, substantial evidence supports the IJ's adverse credibility

finding, and the BIA's affirmance on that ground. Petitioners' testimony before the IJ differed dramatically from statements they made in airport interviews. Although "we have counseled against placing too much weight on an airport interview," we have also acknowledged that "where the discrepancies between an airport interview and the alien's testimony 'go to the heart of the claim,' they certainly support an adverse credibility determination." Chen v. Ashcroft, 376 F.3d 215, 223-24 (3d Cir. 2004). In this case, petitioners said at the airport that they came to the United States for economic and quality-of-life reasons. They failed to tell the asylum officer about two events that were key parts of their testimony before the IJ: Chen's forced abortion and Li's altercation with child planning officials. These failures go to the heart of petitioners' claims. Moreover, petitioners do not claim the airport interview was conducted in a frightening or confusing way, or that the statements made then were inherently unreliable for other reasons. Accordingly, we conclude substantial evidence supports the IJ's adverse credibility finding.

## III.

For the foregoing reasons, we will deny the petition.